354

# CIRCUIT COURT OF ROCKINGHAM COUNTY

Janet R. Turner,
by Alvin B. Dove,
her next friend

 v.

Larry Bowman,
individually and
as executor of the estate of
Miller D. Turner,
deceased,
as attorney-in-fact for
Janet R. Turner,
as a trustee of the
Miller D. Turner revocable trust
dated October 8, 1997, et al.

Case No. CH01-17937

In re Janet R. Turner,
incapacitated
(Petition of Larry Bowman to be
appointed Guardian of
Janet R. Turner,
pursuant to Va. Code § 37.1-134.6)

Case No. CH01-18500

April 8, 2004

BY JUDGE JOHN J. MCGRATH, JR.

## I. *Factual Background*

These inter-related cases all involve the ultimate issue of the final distribution of the property of Miller D. Turner. The plethora of lawsuits have arisen because of what appears to be a tragic error in the drafting of a will and the subsequent incapacity of the will's beneficiary. The facts that are recited in this opinion are taken from the depositions taken during these and related proceedings, the pleadings, the proffers of evidence made at the numerous hearings and arguments held in these cases, and the Report of the Special Conservator and the supporting documentation thereto. The facts are not recited or relied upon for the purpose of ruling on the demurrer to the Amended Bill of Complaint filed in Docket No. CH00-17937 (for the purpose of ruling on the demurrer, the Court considers as proven only the well pleaded facts and necessary inferences therefrom), but only to explain the Court's ruling in Part III of this Opinion and Order.

Miller Turner and Janet Turner had been married for about fifty years when Mr. Turner went to his attorney to have a will drafted. Mr. and Mrs. Turner never had children, but each had accumulated a substantial amount of property in their own names. In or around 1995, Mrs. Turner began to experience fairly serious health problems and began a long series of hospital and nursing home admissions which ultimately resulted in her being admitted permanently to Life Care Center in New Market, Virginia, in the mid-1990's. She has remained a patient at Life Care Center to this day. Her condition is currently *non compos mentis*, and medical reports indicate that her condition will remain the same or deteriorate until she dies.

In 1997, Mr. Turner went to his attorney and requested that an estate plan be drafted whereby his assets upon his death would go into a trust which would pay out interest and principal for the benefit of his wife and the balance remaining after her death would be paid over to four of his nieces and nephews, including Kay W. Bowman, the wife of Larry Bowman, both of whom were named as trustees under the Miller D. Turner Revocable Trust dated October 8, 1997 (hereinafter "Miller Turner Trust"). The attorney drafted the will and the trust agreement, but in error totally failed in the will to pay the decedent's estate to the trust for the benefit of his wife, but, instead, the will left all of his property outright to his wife. The will and the trust agreement were executed by Miller Turner on October 8, 1997. This drafting error was never detected by the attorney or Mr. Miller before his death.

Mr. Miller died on September 11, 1999, and the error in the will was promptly discovered. The error in Miller Turner's will meant that Janet

Turner would die owning all of her own property and all of her husband's property, all of which would go to her relatives by intestacy. (Mrs. Turner apparently executed no will before becoming incompetent.) This would result in the four relatives of Mr. Miller, who were the remaindermen of the trust of Miller Turner for the benefit of Janet Turner, receiving nothing.

However, Janet Turner had executed a Power of Attorney on January 27, 1995, which named her husband as her attorney-in-fact and her husband's nephew, Larry Bowman, as successor attorney-in-fact. The same Larry Bowman was named by Mr. Miller as the executor of his will and as a trustee of the trust created for the benefit of his wife, Janet Turner. After Mr. Bowman had discussed these matters with Miller Turner's former attorney, he decided to act under the 1995 Power of Attorney. Therefore, on behalf of his ward, Janet Turner, he disclaimed all of the inheritance she was to receive from her late husband. That inheritance then went to Mr. Bowman's wife and three other relatives of Mr. Turner, who were the remaindermen of the unfunded trust (and who were also the beneficiaries under Mr. Miller's will in the event his wife predeceased him).

The four individuals who received this money after the disclaimer, then paid all of the money over to the Miller Turner Trust, thus leaving the Trust funded precisely as it would have been if Miller Turner's will had been drafted as intended. Because Defendant Larry Bowman is Janet Turner's attorney-in-fact and he is the Trustee of the Miller Turner Trust, he continues to pay all of Mrs. Turner's nursing home and medical bills.

This litigation commenced when Alan B. Dove, who is a cousin of Mrs. Turner, filed two actions on June 12, 2000. In one action he sues as "Janet R. Turner, incapacitated, by Alvin B. Dove, her next friend" requesting that the Court restrain Larry Bowman from transferring any property belonging to Janet Turner, rescind the Attorney-in-Fact's disclaimer of the inheritance from her husband, and remove Larry Bowman as Janet Turner's attorney-in-fact (Docket CH01-17937). In a second suit filed the same day, Alvin B. Dove, petitioned the Court to be appointed the Guardian, Conservator, and Health Care Agent for his cousin, Janet Turner (Docket CH01-17938).

In the Guardianship action (Docket CH00-17938), the Court appointed Daniel J. Neher, Esquire, a discreet and competent attorney-at-law, to act as a guardian *ad litem* for Janet Turner. On June 14, 2000, the guardian *ad litem* filed a formal acceptance of his appointment.

After a hearing on September 5, 2000, the Court set an *ore tenus* hearing on the various factual issues concerning the accusations and cross-accusations relating to the handling of Janet Turner's affairs by Larry Bowman pursuant to the 1995 Power of Attorney. On January 8, 2001,

Daniel J. Neher, the guardian *ad litem* for Janet Turner, filed a separate action for the appointment of a special conservator to take control of Mrs. Turner's property, to determine if it was being managed prudently and in the best interests of Mrs. Turner, whether the Power of Attorney was a validly executed document, and whether a permanent guardian and/or conservator was needed to assure for the proper care of Mrs. Turner and the management of her property (Docket CH01-18202).

On February 22, 2001, this Court entered an order in Chancery No. CH01-18202 appointing John Sills, Esquire, a prominent member of the Staunton-Augusta County bar, to serve as a special conservator with the following mandate:

It is accordingly ordered that:

1. John W. Sills, III, is appointed as Conservator of Janet R. Turner's estate, initially for the following purposes only:

a. To determine whether the power of attorney from Janet R. Turner to Larry S. Bowman is valid.

b. If the Conservator concludes that power of attorney is valid, to determine whether the disclaimer by Mr. Bowman on behalf of Janet R. Turner with respect to her interest in the estate of Miller D. Turner was proper.

c. To investigate the propriety of Larry S. Bowman's exercise of his duties as attorney-in-fact for Janet R. Turner; and

d. To determine what assets comprise Janet R. Turner's estate, and whether those assets are being properly administered in her best interests and for her benefit.

e. To take such further action, including prosecuting pending proceedings or initiating new proceedings in this Court, as he deems necessary or appropriate based upon his investigation of the matters specified in the preceding subparagraphs of this paragraph. Pending further Order of this Court, the Conservator shall not have any of the general duties as set out in Code § 37.1-137.3.

Based on the appointment of a Special Conservator to look into the handling of Mrs. Turner's property and the Court's having prohibited Larry Bowman from expending any of Mrs. Turner's assets other than to pay her bills at the Life Care Center in New Market and related medical expenses, the Court on March 5, 2001 denied Alvin Dove's Petition to be appointed Guardian, Conservator, and Health Care Agent in Docket No. CH00-17938. That Order was not appealed and is now final.

John Sills, Esquire, the Special Conservator, undertook to examine all of the matters which he was ordered to investigate. He filed a report with the Court on December 22, 2003. The Special Conservator found that:

(1) Janet Turner was competent to execute the Power of Attorney on January 27, 1995;

(2) That Larry Bowman's exercise of power over the property of Janet Turner had been proper and all monies were properly accounted for; and

(3) That Larry Bowman's action in having Janet Turner disclaim her inheritance from her deceased husband was taken in good faith and on advice of counsel, that the disclaimer did not harm Janet Turner, and that such disclaimer carries out the intent of Miller Turner, which would be frustrated by the lawyer's drafting error in the will; however,

(4) The Special Conservator concluded that there was no authority under Virginia law in existence at the time of the death of Miller Turner for an attorney-in-fact disclaiming property where that power was not specifically granted in the Power of Attorney.

Counsel for Larry Bowman filed a Motion for Summary Judgment on the Special Conservator's Report, and counsel for Alvin Dove filed objections to the findings of the Special Conservator. Extensive argument was heard on the Motion for Summary Judgment. During the argument on Larry Bowman's Motion for Summary Judgment on February of 2004, the Court asked counsel for Larry Bowman if the attorney-in-fact could re-disclaim or ratify his previous disclaimer after the Virginia statute was amended in 2003 to permit holders of powers of attorney to disclaim inheritances so long as such authority was not denied to them in the empowering instrument. (§ 64.1-188 *et seq.* of the Code of Virginia, 1950, as amended). Counsel's response was that a re-disclaimer, a new disclaimer, or a ratification of the previous disclaimer could not be done at this time because of the twelve-month limit on the filing of disclaimers.

At the conclusion of the argument, the Court denied the Motion for Summary Judgment finding that the issue of Janet Turner's competency to execute a power-of-attorney on January 27, 1995, was subject to a factual dispute. The Court, on March 17, 2004, scheduled an *ore tenus* hearing on July 8 and 9, 2004, on the following issues:

It appears from the pleadings and the hearing previously held that the contested issues are:

(1) Was Janet Turner competent to execute a valid Power of Attorney on January 27, 1995?

(2) Did Larry Bowman have the authority to execute the Disclaimer dated March 8, 2000?

(3) Was the Disclaimer executed by Larry Bowman on March 8, 2000, a proper exercise of Janet Turner's Power of Attorney?

A hearing was scheduled for March 25, 2004, to take up issues of compelling discovery and permitting Plaintiff, Alvin Dove, to amend his pleadings. In addition, the Defendants in *Janet R. Turner v. Larry Bowman et al.* (Chancery No. CH00-17937) asked that the Court at that hearing to rule on the demurrer filed by prior counsel for Larry Bowman on July 5, 2000. As counsel for Mr. Bowman indicated, this demurrer had been stayed or deferred at an earlier stage because of the serious accusations being made concerning Larry Bowman's handling of his ward's property and the Court's desire to have an independent investigation of whether there was any evidence of the incompetent's property being mismanaged or defalcated before ruling on procedural issues. The Plaintiff filed an Amended Bill of Complaint on April 5, 2004, and the Defendants filed essentially the same demurrer to the Amended Bill.

## II. *Ruling on Demurrer*

In light of the Special Conservator's Report, the Court finds that the demurrer is now ripe for decision in both a legal and a practical sense. At this stage, Alvin Dove's Petition to be appointed Guardian *ad litem* for Janet Turner (CH00-17938) has been denied and that decision is final with no appeal having been taken. The Petition of Larry Bowman to be appointed Janet Turner's Guardian is *sub judice*. Lastly, *Janet R. Turner, by Alvin Dove, her next friend v. Larry Bowman et al.* (CH00-17937) is pending and is the suit which calls into question the authority of Larry Bowman to disclaim an inheritance on behalf of his ward.

The core of Larry Bowman's demurrer is that Alvin B. Dove filed as "next friend of Janet Turner," and that Alvin B. Dove does not have legal standing as a next friend to bring this suit. The Supreme Court in *W. S. Carnes, Inc. v. Board of Supervisors of Chesterfield County*, 252 Va. 377 (1996), stated that:

> An individual or entity does not acquire standing to sue in a representative capacity by asserting the rights of another, unless authorized by statute to do so. See, *e.g.*, Code §§ 8.01-69, 20-88.45, 37.1-141.

*Id.* at p. 383.

Larry Bowman argues that Alvin Dove does not have standing or the legal capacity to bring a suit as the "next friend" of Janet Turner because he is merely a cousin and not one of the statutorily recognized family members who can bring such a suit. Section 37.1-134.22 provides that a suit may be brought by a "person interested in the welfare of a principal" against a person exercising a Power-of-Attorney for an incompetent person if they believe that the fiduciary is acting against the best interest of the ward. A "person interested in the welfare of a principal" is defined in § 37.1-134.22(c) as:

> any member of the principal's family [who] is an adult parent, brother or sister, niece or nephew, child or other descendent, spouse of a child of the principal, spouse or surviving spouse of the principal.

The defendants argue that since Alvin Dove is a cousin of Mrs. Janet Turner, the principal of the Power of Attorney, and thus cannot maintain this suit as "next friend of Janet Turner."

Section 37.1-134.22 of the Code is a statute which permits a defined class of persons to make a demand for disclosure of information from an attorney-in-fact. If such demand is refused, persons in this defined class may bring a suit under § 37.1-134.22 for discovery in order:

> to determine the need or propriety of (i) instituting a proceeding under this chapter, *i.e.* appointment of guardian and/or conservator or (ii) terminating, suspending, or limiting the authority of an attorney-in-fact.

Although § 37.1-134.22 of the Code does not technically define who may file a lawsuit to remove an attorney-in-fact who is supposedly acting in violation of his or her fiduciary duties, such definition is provided in § 11-9.1 of the Code. Section 11-9.1 provides:

> Furthermore, where no conservator or committee has been appointed, the circuit court ... *in a proceeding brought by a person interested in the welfare of the principal as defined in § 37-134.22* and in which the attorney-in-fact or other agent and the principal are made parties may terminate, suspend, or otherwise limit the authority of the attorney-in-fact or other agent upon a finding that

such termination, suspension, or limitation is in the best interests of the principal or his estate.

(Emphasis added.) Thus, the persons who may bring a suit to remove an attorney-in-fact are precisely those persons defined in § 37.1-134.22, *i.e.* parent, brother, sister, niece, nephew, child or other descendant, spouse, surviving spouse.

Plaintiff argues that the statute permits a suit by a "descendant" and that the term "descendant" includes a cousin such as Mr. Dove. However, it is well established at common law that the term "descendant" does not include collateral relatives. For example, *Black's Law Dictionary* (7th Ed.) provides the following two definitions:

> *Descendant*: n. One who follows in lineage, such as child or grandchild - but not a collateral relative. . . .
> *Collateral Relative*: A relative who is not in the direct line of inheritance, such as a cousin.

Virginia law is no different on the identity of "descendant." *Michie's Jurisprudence* states as follows:

> While the word "descendants" is not a technical work to the extent that the law has not impressed it with a different meaning from that accorded in common acceptance and general understanding, it is a word much used in the law and with very clear and definite meaning. The term "descendants" is defined as "those who have issued from an individual, including his children, grandchildren, and their children to the remotest degree." The word comprises issue of every degree. . . .
>
> The word descendant is the converse or opposite of "ascendant" rather than of "ancestor." Taking all these words in the legal sense, "descendants" cannot be construed to include any but lineal heirs without clear indication of a contrary intention. Thus, the term does not include collateral relations or ancestors.

Michie's Jur., *Descent and Distribution*, § 8 (footnotes omitted).

Plaintiff, therefore, cannot rely on the statutory term "descendant" in order to establish standing under §§ 37.1-134.22 and 11-9.1 of the Code of Virginia.

From the interplay of §§ 11-9.1 and 37.1-134.22 of the Code, it is clear that Alvin Dove is not a person named in the statute who has standing to bring this suit. *E.g., Goldman v. Landsidle,* 262 Va. 364 (2001); *W. S. Carnes, Inc. v. Board of Supervisors of Chesterfield County,* 252 Va. 377 (1996). Therefore, the demurrer addressed to the Amended Bill of Complaint must be sustained. Alvin B. Dove is not, has never been, and cannot ever be a person authorized to bring this suit. Therefore, the Amended Bill of Complaint is dismissed with prejudice.

### III. *The Necessity of Further Proceedings*

A Court is not powerless to police the actions of attorneys-in-fact merely because the principal or ward has no relatives who meet the statutory definition of who may proceed under §§ 11-9.1 and 37.1-134.22 of the Code. A court has the inherent power and a judicial obligation to assure that an incompetent or infant is not abused in his or her property by an attorney-in-fact or other fiduciary.

In this case, two guardians *ad litem* have been appointed for Janet Turner and neither of them have found their ward to be harmed by the actions of Larry Bowman, the attorney-in-fact, nor have they suggested that additional litigation is required. Similarly, the Special Conservator made a thorough investigation and analysis of the actions of the attorney-in-fact and has found that the principal has suffered no prejudice, real or imagined, by the acts of disclaimer by the attorney-in-fact. Lastly, § 37.1-134.22 of the Code does permit a suit to be brought against an attorney-in-fact by the Adult Protective Services Unit of the local Social Services Board when there are no relatives or other persons who meet the statutory definition of permitted plaintiffs. The Adult Protective Services has expressed no desire to participate in this litigation or initiate its own investigation or litigation.

The facts that have been developed by the Special Conservator and reported to this Court clearly indicate that there is no purpose to be served in continuing further litigation in this matter. All guardians and the conservator who have looked into the treatment of Mrs. Janet Turner have concluded that she is receiving excellent medical and nursing home care and that her condition has not and will not be adversely impacted by the disclaimer which was executed. The Court also finds that the defendants have provided excellent care and attention to Mrs. Turner and that the disclaimer, although not benefiting Mrs. Turner, caused no harm to her or her estate.

Wherefore, the Court orders, adjudges, and decrees that the Motion for Recusal filed by Alvin B. Dove on March 29, 2004, is denied for the reasons set forth on the record during the hearing on April 7, 2004;

That the Defendants' demurrer in Docket No. CH01-17937 to the Amended Bill of Complaint is sustained, and the Amended Bill of Complaint is dismissed. In light of the above rulings, Plaintiff's Motion for Reconsideration is moot.

That nothing further remaining to be done in Docket No. CH01-17937, the case is stricken from the Court's docket and will be filed in the ended case files.

The Court further finds by clear and convincing evidence in Docket No. CH01-18500 that:

(1) Mrs. Turner is a resident of Life Care Center of New Market, a nursing home located at 315 East Lee Highway, New Market, Virginia.

(2) Mrs. Turner's Social Security Number is 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.

(3) Mrs. Turner was born on March 12, 1932, and is 72 years of age.

(4) Mrs. Turner suffers from Alzheimer's disease and is in a vegetative state.

(5) By reason of her impaired mental health and physical disabilities, Mrs. Turner is mentally and physically incapable of caring for herself.

(6) Mrs. Turner is incapable of receiving and evaluating information effectively or responding to people, events, or environments to such an extent that she lacks the capacity to meet the essential requirements for her health, care, safety, or therapeutic needs without the assistance or protection of a guardian and that this incapacity is total and perpetual.

Therefore, it is further adjudged, ordered, and decreed in the case of *In re Janet R. Turner* (Docket No. CH01-18500) that:

(1) Larry S. Bowman is appointed as Guardian for Mrs. Turner for the duration of her incapacity as provided under Virginia Code § 37.1-134.6 *et seq.*

(2) The Guardian is permitted to serve upon posting a bond in the amount of $5,000.00, without surety.

(3) The Guardian shall have all of the powers, duties, and powers set forth in § 37.1-137.1 of the Code of Virginia, 1950, as amended.

The Clerk of this Court is directed to send attested copies of this Opinion and Order to Steven M. Blatt, Esquire, counsel for Alvin Dove; to M. Bruce Wallinger, Esquire, counsel for Respondents, Larry S. Bowman and Kay W. Bowman; to Daniel J. Neher, Esquire, guardian *ad litem* for Janet R. Turner; and to John W. Sills, III, Conservator for Janet R. Turner.